1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF NEVADA**

10

11  DE'MARIAN CLEMONS,                    )
                                          )
12                  Petitioner,           )        2:11-cv-01442-PMP-GWF
                                          )
13  vs.                                   )
                                          )
14  BRIAN E. WILLIAMS, SR., *et al.,*     )        **ORDER**
                                          )
15                  Respondents.          )
                                          )
16  _____/

17         This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

18  petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss

19  (ECF #19).  Petitioner has opposed the motion (ECF #22).

20         Preliminarily, the court turns to two other motions: petitioner's *ex parte* motion for

21  appointment of counsel (ECF #23) and petitioner's motion for summary judgment (ECF #24).

22         With respect to petitioner's motion for appointment of counsel (ECF #23), there is no

23  constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*,

24  481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint

25  counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied,

26  481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838

1 (1984). However, counsel must be appointed if the complexities of the case are such that denial of

2 counsel would amount to a denial of due process, and where the petitioner is a person of such limited

3 education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also*

4 *Hawkins v. Bennett*, 423 F.2d 948 (8ᵗʰ Cir.1970). The court denied an earlier motion for appointment

5 of counsel by petitioner in this case and concluded that the petition on file in this action appears

6 sufficiently clear in presenting the issues that petitioner wishes to raise (ECF #3). The court reiterates

7 that the claims in this case are not especially complex. Therefore, petitioner's motion for counsel shall

8 be denied.

9          Next, petitioner has filed a motion for summary judgment (ECF #24). Respondents

10 opposed the motion (ECF #26), and petitioner replied (ECF #27). Petitioner argues that respondents

11 failed to respond to his "amended grounds" and that they failed to file a reply brief to his opposition to

12 the motion to dismiss the petition (ECF #24 at 1-2). Petitioner's arguments are without merit. Pursuant

13 to the court's order as well as to Rule 4 of the Rules Governing Habeas Corpus Cases respondents filed

14 their initial responsive pleading, a motion to dismiss the petition on various bases. Further, while

15 respondents had the option to file a reply to petitioner's opposition to the motion to dismiss, they are not

16 required to do so. The Local Rules of Civil Practice merely provide the timeline for filing a reply to an

17 opposition to a motion. LR 7-2 ©. While the failure to file an opposition to a motion shall constitute

18 a consent to the granting of that motion (LR 7-2 (d)), the failure to file a reply does not so operate.

19 Accordingly, petitioner's motion for summary judgment is baseless and is denied.

20          The court now turns to respondents' motion to dismiss (ECF #19).

21 **I. Procedural History and Background**

22          On April 24, 2009, the Las Vegas Justice Court filed in the Eighth Judicial District Court

23 its bind-over packet which contained the State's April 7, 2009 Amended Criminal Complaint that

24 charged petitioner with eight felonies and charged his co-defendant with six felonies. Both defendants

25 were charged with 1) two counts of Attempted Murder with Use of a Deadly Weapon; 2) Conspiracy

26 to Commit Murder; 3) Battery with Use of a Deadly Weapon causing Substantial Bodily Harm ("SBH");

1  4) Discharging a Firearm out of a Motor Vehicle; and 5) Discharging a Firearm at or into a Structure,

2  Vehicle, Aircraft or Watercraft (exhibits to motion to dismiss, ECF #19, ex. 2).[1]

3       On April 22, 2009, petitioner and his co-defendant unconditionally waived their

4  preliminary hearings.  His co-defendant agreed to plead guilty to two felonies: one count of Battery with

5  Use of a Deadly Weapon with SBH and one count of Discharging a Firearm at or into a Structure; the

6  negotiation was contingent upon petitioner accepting the plea negotiations in this case.  Petitioner agreed

7  to plead guilty to three felonies: Battery with Use of a Deadly Weapon with SBH, Discharging a Firearm

8  at or into a Structure, and Possession of a Firearm by an Ex-Felon. The State in petitioner's negotiation

9  agreed that: 1) it would not oppose the ex-felon count running concurrently with the Battery with Use

10  causing SBH and the Discharging Firearm into a Structure, but retained the full right to argue that the

11  Discharging a Firearm count should run consecutively to the Battery with Use causing SBH count; 2)

12  it would not seek habitual criminal treatment; and 3) it would not refer the case to the federal

13  government for prosecution.  The negotiation was contingent upon petitioner's co-defendant accepting

14  the negotiations in his case (ex. 1).

15       On April 28, 2009, petitioner was charged by way of an Information with the above three

16  felonies (ex. 3).  On April 29, 2009, pursuant to the guilty plea agreement, petitioner pled to the three

17  felonies; the court sentenced him on count 1 Battery with Use of Deadly Weapon with SBH to 35-156

18  months, on count 2 Discharging a Firearm at or into a Structure to 13-60 months to run consecutively

19  to count 1, and on count 3 Possession of a Firearm by an Ex-Felon to 13-60 months to run concurrently

20  with counts 1 and 2, with 143 days credit for time served.  On August 7, 2009, the judgment of

21  conviction was entered (ex.'s 4, 5, 7).  Petitioner did not appeal the judgment of conviction.

22       On August 5, 2009, petitioner filed a motion for sentence modification (ex. 6), which the

23  State opposed (ex. 8), and the court denied (ex. 13).  Petitioner did not appeal.  On August 26, 2009,

24  petitioner filed a motion to withdraw plea agreement (ex. 9), which the State opposed (ex. 10), and the

25

26       [1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #19, and are found at ECF #9.

court denied (ex. 21).  Petitioner did not appeal.

On September 8, 2009, petitioner filed a motion for dismissal of charges (ex. 11), which the State opposed (ex. 17).  Petitioner withdrew this motion because it was part of a postconviction petition that he had since filed (*see* ex. 29).  On September 11, 2009, petitioner filed his second motion for sentence modification (ex. 12), which the State opposed (ex. 14), and the court denied (ex. 18). Petitioner did not appeal.  On September 29, 2009, petitioner filed a "motion for appellate reversal" (ex. 15).  The State opposed the motion (ex. 19), but the record does not reflect a hearing on this motion, nor an order or appeal.

On October 1, 2009, almost two months after the judgment of conviction was entered, petitioner filed a motion to separate case asking the court to sever his case from his co-defendant's (ex. 16).  The State opposed, and the court denied the motion (ex.'s 22, 25).  Petitioner did not appeal.  On October 12, 2009, petitioner filed a petition for writ of mandamus in the Nevada Supreme Court (ex. 20). On November 3, 2009, the Nevada Supreme Court declined to exercise original jurisdiction and denied the petition (ex. 26).

On October 27, 2009, petitioner filed a "motion to relief from prejudicial joinder" (ex. 23), as well as a second motion to withdraw plea agreement (ex. 24).  The State opposed both, and the court denied both (ex.'s 31, 32).

On December 23, 2009, petitioner filed his first postconviction petition for writ of habeas corpus (ex. 28).  On March 17, 2010, petitioner filed his third motion to withdrawal [sic] plea (ex. 34). On September 10, 2010, the Nevada Supreme Court consolidated the appeals and affirmed the dismissal of the postconviction petition and affirmed the denial of the motion to withdraw plea (ex. 44).

On September 7, 2010, petitioner filed his second state postconviction petition for writ of habeas corpus (ex. 43).  On July 15, 2011, the Nevada Supreme Court affirmed the state district court's denial of the petition as untimely filed, successive and an abuse of the writ.  Remittitur issued on August 12, 2011.

4

1           Petitioner dispatched this federal petition for writ of habeas corpus on September 1, 2011

2  (ECF #4).  On March 9, 2012, petitioner filed a motion to amend his petition (ECF #15), which the court

3  granted (ECF #17).  Pursuant to the court's order, petitioner's supplement to petition for writ of habeas

4  corpus was filed on May 3, 2012 (ECF #18).  Respondents argue that the petition should be dismissed

5  because all grounds either fail to state a claim cognizable in federal habeas corpus, are procedurally

6  barred or are unexhausted.

7  **II.  Legal Standards**

8           **A.  Failure to State a Claim**

9           In federal habeas proceedings, notice pleading is not sufficient.  Mere conclusions of

10  violations of federal rights without specifics do not state a basis for federal habeas relief.  *Mayle v. Felix*,

11  545 U.S. 644, 655 (2005).  Conclusory allegations not supported by specific facts are subject to summary

12  dismissal.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

13          **B.  Failure to State a Claim Cognizable in Federal Habeas Corpus**

14           A state prisoner is entitled to federal habeas relief only if he is being held in custody in

15  violation of the constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  Unless an issue

16  of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable

17  under federal habeas corpus.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  A petitioner may not

18  transform a state-law issue into a federal one merely by asserting a violation of due process.  *Langford*

19  *v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).  Alleged errors in the interpretation or application of state

20  law do not warrant habeas relief.  *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

21          **C.  Procedural Bar**

22           "Procedural default" refers to the situation where a petitioner in fact presented a claim

23  to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the

24  merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court

25  regarding that claim rested on a state law ground that is independent of the federal question and adequate

26  to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

**D.  Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the

prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.  Petition in the Instant Case**

Petitioner filed his petition and attached a Memorandum in Support of Petition (ECF #4 and Memorandum at 11).  He also filed what he styled an "amended" petition that set forth one further claim (ECF #18).  Accordingly, the court and respondents have construed the "amended" petition as a supplemental petition, setting forth one supplemental ground for relief.

**A.  Supplemental Ground 1**

In supplemental ground 1 of the federal petition, petitioner alleges that his trial counsel violated his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel because apparently an indictment was later filed against his counsel on December 21, 2011.  Petitioner states that

1   a criminal indictment was filed against his counsel for "offer [sic] false instrument to be file [sic],

2   forgery, burglary and conspiracy to commit a crime" (ECF #18 at 3).

3          In order to prove ineffective assistance of counsel, petitioner must show that 1) counsel

4   acted deficiently, in that he made errors so serious that his actions were outside the scope of

5   professionally competent assistance, and 2) the deficient performance prejudiced the outcome of the

6   proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

7          Respondents argue that petitioner has failed to specifically outline errors related to the

8   indictment that allegedly occurred at trial or direct appeal and what counsel should have done differently.

9   Further, they assert that petitioner ignores the second prong of *Strickland*, namely, he fails to allege that

10  he suffered any prejudice as a result of his counsel's deficient performance somehow related to the later

11  indictment (ECF #19 at 16-17).

12         The court agrees that supplemental ground 1 fails to state a claim for which relief may

13  be granted.  While certainly troubling in and of itself, petitioner fails to explain at all how his counsel's

14  subsequent indictment caused or has any relationship to counsel's rendering ineffective assistance in his

15  case.  Mere conclusions of violations of federal rights without specifics do not state a basis for federal

16  habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Further, petitioner fails to allege any prejudice

17  from counsel's allegedly deficient performance related to the subsequent indictment.   Accordingly,

18  supplemental ground 1 is dismissed for failure to state a claim for which relief may be granted.

19         **B.  Ground 1**

20         Petitioner alleges that the Nevada Supreme Court miscalculated the one-year time period

21  when it concluded that his second state postconviction petition was untimely filed (ECF #4 at 3, 12-14).

22  Respondents argue that the application of the state statute of limitations to file a state postconviction

23  petition is a question of state law and therefore not cognizable in federal habeas corpus.  Alternatively,

24  respondents argue that petitioner has failed to present this claim to any state court, and therefore, it is

25  unexhausted (ECF #19 at 17).

26

1    Nevada Revised Statutes ("NRS") 34.726 provides that "unless there is good cause shown

2    for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year

3    after entry of judgment of conviction or, if an appeal has been taken from the judgment, within 1 year

4    after the Supreme Court issues the remittitur."  Respondents are correct that the application of NRS

5    34.726 is a matter of state law and that petitioner has failed to demonstrate what federal law was

6    allegedly violated.  Accordingly, ground 1 is dismissed as not cognizable in federal habeas corpus.

7         **C.  Ground 2 and Ground 3 of the Memorandum in Support of Petition for Writ**

8    **of Habeas Corpus**[2]

9         Petitioner asserts that argues that his rights under the Fifth, Sixth and Fourteenth

10   Amendment to due process, effective assistance of counsel and equal protection have been violated on

11   several bases.  Respondents have parsed these grounds into four sub-claims.  The court will address the

12   claims as broken down by respondents, except as noted with sub-claims A and B.

13        **Sub-claim A**

14        Petitioner asserts that counsel was ineffective because he failed to adequately investigate

15   that someone else was responsible for the offense, never talked to the state's witnesses or any other

16   witnesses who were at the crime scene, and that a plethora of discovery showed petitioner was innocent

17   and that he was convicted based on hearsay and his prior convictions (ECF #4, ground 2).

18        Respondents argue that this claim should be dismissed as procedurally barred.  They

19   assert that petitioner raised this claim in his second state postconviction petition of September 7, 2010

20   and that the Nevada Supreme Court clearly and expressly invoked NRS 34.726 and NRS 34.810 to

21   affirm the dismissal of his second state petition as untimely, successive and an abuse of the writ.

22   Respondents contend that these state law grounds are independent and adequate state law bases that bar

23   this claim from review in this federal habeas proceeding.

24

25

26        [2] While the Memorandum in Support ostensibly expands on each ground set forth in the petition, the grounds presented in the Memorandum do not necessarily correspond, numerically, to the grounds in the petition.

9

1    Under Nevada law, a second or successive petition must be dismissed if the judge or

2    justice determines that it fails to allege new or different grounds for relief and that prior determination

3    was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure

4    of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.  Petitioner

5    bears the burden of proving good cause for his failure to present the claim or for presenting the claim

6    again and of proving actual prejudice.  Nev. Rev. Stat. § 34.810(2) & (3).  The Nevada Supreme Court

7    explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition

8    that correspond to sub-claim A of the federal habeas petition (ex. 63).  The Ninth Circuit Court of

9    Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case

10    – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d

11    1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

12    Therefore, this court finds that the Nevada Supreme Court's holding that sub-claim A was

13    procedurally barred under NRS 34.810(2) was an independent and adequate ground for the court's

14    dismissal of that ground in the second state petition.  In his opposition to respondents' motion to dismiss,

15    petitioner attempts to address cause and prejudice, but presents no arguments regarding why he failed

16    to present this claim in his first state postconviction petition.  Accordingly, the court grants respondents'

17    motion to dismiss sub-claim A of grounds 2 and Memorandum ground 3 as procedurally barred.

18    **Sub-claim B**

19    Petitioner argues that counsel was ineffective because he failed to conduct a full

20    "adequate investigation" and was also ineffective because he overlooked a plethora of newly-discovered

21    evidence which included the confession of the co-defendant and exculpatory statements of the witnesses

22    and the victims which showed petitioner was innocent (ECF #4, Memorandum ground 3).  The court

23    finds that sub-claim B is duplicative of sub-claim A (and thus is dismissed to that extent as procedurally

24    barred) except where petitioner argues that counsel was ineffective because he overlooked the confession

25    of the co-defendant and exculpatory statements of the witnesses and the victims, which petitioner claims

26    would have shown that he was innocent.

10

1    Respondents assert that this second part of sub-claim B is unexhausted (ECF #19 at 20).

2    They argue that although petitioner raised in his March 17, 2010 motion to withdrawal [sic] plea (ex.

3    34) an argument regarding a plethora of new evidence, he did not argue that counsel was ineffective

4    because he overlooked this evidence.  The court disagrees; petitioner raised this claim of ineffective

5    assistance of counsel in his motion to withdraw guilty plea (ex. 34 at 3).

6    However, next respondents contend that even if he raised this claim in the motion to

7    withdraw guilty plea, that petitioner raised it in a procedurally improper manner (ECF #19 at 20).  In its

8    September 10, 2010 order affirming the denial of this motion, the Nevada Supreme Court stated:

9    "Appellant failed to provide specific facts supporting his claims regarding innocence, and notably, the

10   question of guilt or innocence is not generally at issue in a motion to withdraw a guilty plea.  *Hargrove*

11   *v. State*, 686 P.2d 222, 226 (Nev. 1984)" (ex. 44).

12   Exhaustion cannot be achieved by a procedurally deficient or improper means.  *Castille*

13   *v. Peoples*, 489 U.S. 346, 351 (1989) (raising an issue in a procedurally deficient manner is not "fair

14   presentation" for the purposes of exhaustion).  "A state may mandate a particular procedure to be used

15   to the exclusion of other avenues of seeking relief, 'so long as the right of review is not foreclosed or

16   unduly limited.'"  *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).  "In such states, presenting an

17   issue to the state's highest court via a statutorily deviating path will not exhaust state remedies."  *Id.;*

18   *Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985).  Nevada state law provides that a state

19   postconviction petition for a writ of habeas corpus is the proper means to challenge the validity of one's

20   conviction or sentence.  NRS 34.724(2)(b).

21   This court agrees with respondents that the Nevada Supreme Court correctly observed

22   that petitioner's claims regarding his alleged innocence were not properly procedurally raised in his

23   motion to withdraw guilty plea.  *Hargrove v. State*, 686 P.2d at 226; *State v. Second Judicial Dist. Court*,

24   455 P.2d 923, 926 (Nev. 1969); *see also United States v. Paglia,* 190 F.2d 445 (2d Cir. 1951).

25   Accordingly, petitioner's argument in sub-claim B that counsel was ineffective because he overlooked

26

11

1  the confession of the co-defendant and exculpatory statements of the witnesses and the victims, which

2  petitioner claims would have demonstrated that he was innocent, is unexhausted.

3  **Sub-claim C**

4  Petitioner argues that counsel was ineffective because he did not bring to the court's

5  attention that: 1) petitioner was not the actual shooter and was never seen shooting or in possession of

6  a weapon, and 2) that on the night of the incident, he was cleared of the shooting because his DNA was

7  not found on two guns which detectives confiscated (ECF #4, ground 2).

8  Respondents argue that this claim should be dismissed as procedurally barred.  They

9  assert that petitioner raised this claim in his second state postconviction petition of September 7, 2010

10  and that the Nevada Supreme Court clearly and expressly invoked NRS 34.726 and NRS 34.810 to

11  affirm the dismissal of his second state petition as untimely, successive and an abuse of the writ.

12  Respondents contend that these state law grounds are independent and adequate state law bases that bar

13  this claim from review in this federal habeas proceeding (ECF #19 at 21).

14  The Nevada Supreme Court explicitly relied on this procedural bar when it declined to

15  review the claims of the state habeas petition that correspond to sub-claim B of the federal habeas

16  petition (ex. 63).  Therefore, this court finds that the Nevada Supreme Court's holding that sub-claim

17  C was procedurally barred under NRS 34.810(2) was an independent and adequate ground for the court's

18  dismissal of that ground in the second state petition.  In his opposition to respondents' motion to dismiss,

19  petitioner attempts to address cause and prejudice, but presents no arguments regarding why he failed

20  to present this claim in his first state postconviction petition.  Accordingly, the court grants respondents'

21  motion to dismiss sub-claim C of grounds 2 and Memorandum ground 3 as procedurally barred.

22  **Sub-Claim D**

23  Petitioner asserts that the witnesses statements were unreliable and inconsistent (ECF #4,

24  ground 2).  He argues that Brandon Thomas stated the night of the shooting that he never saw petitioner

25  with a gun, but 2 ½ months later he said that petitioner was shooting at him; Lester Lewis stated that he

26  did not know what type of gun petitioner had, but also told detectives that he would tell them anything

12

1  so that he would not go back to jail; and that Rodney Ormond, his co-defendant, first claimed the he was

2  not at the scene, then not only admitted to the shooting but apologized to the victim, and then accused

3  petitioner of being the shooter.

4        Respondents argue that this claim should be dismissed as procedurally barred.  They

5  assert that petitioner raised this claim in his first state postconviction petition of December 23, 2009 and

6  that the Nevada Supreme Court clearly and expressly found that this claim was procedurally barred under

7  34.810(1)(a) as it fell outside the scope of claims permissible in a postconviction petition for writ of

8  habeas corpus challenging a judgment of conviction based on a guilty plea.  Respondents contend that

9  these state law grounds are independent and adequate state law bases that bar this claim from review in

10  this federal habeas proceeding (ECF #19 at 22).

11        The Nevada Supreme Court explicitly relied on this procedural bar when it declined to

12  review the claims of petitioner's first state habeas petition that correspond to sub-claim D of the federal

13  habeas petition (ex. 44).  Therefore, this court finds that the Nevada Supreme Court's holding that sub-

14  claim D was procedurally barred under NRS 34.810(1)(a) was an independent and adequate ground for

15  the court's dismissal of that ground in the first state petition.  In his opposition to respondents' motion

16  to dismiss, petitioner presents no argument concerning cause and prejudice with respect to this ground.

17  Accordingly, the court grants respondents' motion to dismiss sub-claim D of grounds 2 and

18  Memorandum ground 3 as procedurally barred.

19        **Sub-claim E**

20        Petitioner argued that his Sixth Amendment right to have the court determine beyond a

21  reasonable doubt his guilt of every element of the crime charged was violated in that the prosecutor

22  "targeted" that whether or not he had a gun, he aided and abetted which was insufficient to establish a

23  specific intent crime under *Garner v. State* (ECF #4, Memorandum ground 3).  Respondents are correct

24  that petitioner did not present this alleged Sixth Amendment violation to the state courts, nor did he

25  present a "lack of specific intent" legal theory based on *Garner* related to aiding and abetting.

26  Accordingly, sub-claim E is unexhausted.

**D.  Ground 3 and Ground 4 of the Memorandum in Support**

Petitioner claims that his conviction and/or sentence violated his Fifth, Sixth, and Fourteenth Amendment rights to due process of law and that his counsel was ineffective "due to the facts of the plethora discovery in this case and the overwhelming evidence that was found clearly showed that the petitioner was innocent of any wrongdoings" (ECF #4 at 8, 16-17).  The court agrees with respondents that petitioner raised this claim in ground 2 of his September 7, 2010 state postconviction petition, which the Nevada Supreme Court found was time-barred, successive and an abuse of the writ under NRS 34.726(1) and NRS 34.810 (ex. 63).  As such, these state law grounds are independent and adequate state law bases that bar ground 3 from review in a federal habeas proceeding.  This portion of ground 3 is dismissed.

In ground 3 and Memorandum ground 4, petitioner also argues that his counsel was ineffective for failing to file a motion to sever his case from his co-defendant's case (ECF #4 at 8, 17). In his federal petition he argues that the fact that his case was joined with his co-defendant's made him by law guilty of the charges, that he only admitted at sentencing that he was in the car, that the state's case was based on circumstantial evidence that was flatly contradicted by physical evidence and the witness and victim statements, and that the evidence was insufficient to convict him of battery with use of a deadly weapon causing substantial bodily harm and ex-felon in possession of a firearm (id. at 17).

Respondents contend that this claim is either procedurally defaulted or unexhausted. They argue that petitioner raised his failure-to-sever argument in his second state postconviction petition and that the Nevada Supreme Court affirmed its dismissal as time-barred, successive and an abuse of the writ under NRS 37.726(1) and NRS 34.810.  They note that petitioner has added numerous new allegations related to this failure-to-sever claim.  They argue that, to the extent the additional claims are "part and parcel" of the failure-to-sever claim raised in his second state postconviction petition, they should be dismissed as procedurally barred; and alternatively, respondents argue that if these are more accurately considered new claims, that they are clearly unexhausted (ECF #19 at 23).

14

In habeas proceedings, the federal courts are not free to entertain new evidence that places the claim in a significantly different posture, when that evidence was never presented to the state courts. *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).  Federal courts have held that an ineffective assistance of counsel claim is not substantially equivalent to the state claim and thus unexhausted when a petitioner's federal claim is "materially broader" than the one presented to state courts, such as when a petitioner includes numerous other acts of alleged incompetence.  *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *see also  Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

The court concludes that these allegations are materially broader than the claims presented to state courts.  Accordingly, these grounds raised in ground 3 and Memorandum ground 4 are unexhausted.

Respondents acknowledge that in his first state postconviction petition petitioner raised the claim that his counsel rendered  ineffective assistance when he failed to move to sever petitioner's case from his co-defendant's (ECF #19 at 23).  In ground 1 of petitioner's first state petition, he argued:

> ...so I asked Brian Bloomfield to separate these cases so that I could get a fair court hearing, he said 'I don't think the D.A. will do it, but at that moment I didn't know I could have dismissed him as counsel because I didn't know the law like I do now

(ex. 28).

In its order affirming the denial of the first state postconviction petition, the Nevada Supreme Court addressed this claim and concluded that it lacked merit (ex. 44).  Accordingly, the following discrete claim set forth in ground 3 of this federal petition is exhausted:  that petitioner's counsel was ineffective because petitioner asked him to "severance [sic] this case from his co-defendant's (Rodney Ormond) so that the petitioner could receive a fair trial counsel (Brian Bloomfield) stated that 'if he asked the district attorney to severance this case she wouldn't agree to it.'"

### E.  Ground 4 and Ground 5 of the Memorandum in Support

Petitioner argues in ground 4 that his conviction and/or sentence violated his Fifth, Sixth and Fourteenth Amendment rights to due process and to the effective assistance of counsel because his counsel failed to withdraw the plea agreement. He claims the following: when it was time to accept the

plea bargain, he did not admit the he committed the crime by choice, but by force; he never spoke about the elements of the crime in court as far as what happened, and made no admission of guilt; he did to the "plea arraignment" and said yes to some questions that were asked and no to others; at sentencing, he admitted to being in the car the night of the shooting but he stated he never saw a gun in the car, didn't know the crime was about to happen, didn't have a weapon and didn't shoot anyone; his counsel was ineffective by allowing the court to sentence him even after he never admitted to any of the charges he was accused of or pled guilty to due to the fact that his admissions never constituted the necessary elements of his plea agreement (ECF #4 at 10).

In Memorandum ground 5 petitioner also asserts that his counsel was ineffective because he failed to withdraw the plea agreement due to the fact that he never admitted to the elements of the crime during court proceedings; and at the time of sentencing when the court asked him what he had done, he responded that he was in the car but never had a gun or shot anyone.  Finally, he claims his counsel was ineffective because he failed to bring to the court's attention that his DNA was not on the two guns detectives confiscated (ECF #4 at 17-18).

Respondents argue that these grounds should be dismissed as procedurally barred.  They assert that petitioner raised these as ground 3 and ground 1 in his second state postconviction petition of September 7, 2010 and that the Nevada Supreme Court clearly and expressly invoked NRS 34.726 and NRS 34.810 to affirm the dismissal of his second state petition as untimely, successive and an abuse of the writ.  Respondents contend that these state law grounds are independent and adequate state law bases that bar this claim from review in this federal habeas proceeding (ECF #19 at 24-25).

The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition that correspond to grounds 4 and 5 of the Memorandum in Support in the federal habeas petition (ex. 63).  Therefore, this court finds that the Nevada Supreme Court's holding that these federal grounds were procedurally barred under NRS 34.810(2) was an independent and adequate ground for the court's dismissal of those grounds in the second state petition. In his opposition to respondents' motion to dismiss, petitioner presents no argument concerning cause

1    and prejudice with respect to this ground.  Accordingly, the court grants respondents' motion to dismiss

2    ground 4 and Memorandum ground 5 as procedurally barred.

3                                    **F.  Ground 6**

4                Petitioner claims that "due process law, court errors" violated his Sixth, Eighth, and

5    Fourteenth Amendment rights related to the motion to modify or correct an illegal sentence that he filed

6    on September 29, 2010 (ECF #4 at 19).  The district court orally denied the motion without prejudice

7    on December 14, 2010 and in a written order dated April 4, 2011 (ex. 46).  The Nevada Supreme Court

8    dismissed his appeal for lack of jurisdiction because no appeal lies from a denial of a motion to correct

9    sentence without prejudice as it is not a final decision on the motion pursuant to NRS 177.015(3) (ex.

10   62).

11               Respondents argue that ground 6 should be dismissed as not cognizable in federal habeas

12   corpus (ECF #19 at 25).  The court agrees that unless an issue of federal constitutional or statutory law

13   is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.  *Estelle v.*

14   *McGuire*, 502 U.S. 62, 68 (1991).  Alleged errors in the interpretation or application of state law do not

15   warrant habeas relief.  *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).  NRS 177.015(3)

16   provides that "the defendant only may appeal from a final judgment or verdict in a criminal case."  The

17   application of NRS 177.015 is a question of state law.  Petitioner has failed to demonstrate that a federal

18   law was allegedly violated.  Accordingly, ground 6 is dismissed because it fails to present a claim

19   cognizable in federal habeas corpus.

20   **IV.  Petitioner's Options Regarding Unexhausted Claims**

21               A federal court may not entertain a habeas petition unless the petitioner has exhausted

22   available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455

23   U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject

24   to dismissal.  *Id.*  In the instant case, the court finds that sub-claims B and E of ground 2 and

25   Memorandum ground 3 are unexhausted.  The court finds that the following specific portion of ground

26   3 and Memorandum ground 4 is exhausted: that petitioner's counsel was ineffective because petitioner

17

asked him to "severance [sic] this case from his co-defendant's (Rodney Ormond) so that the petitioner could receive a fair trial counsel (Brian Bloomfield) stated that 'if he asked the district attorney to severance this case she wouldn't agree to it.'" The court dismisses the remaining claims for either failure to state a claim for which relief may be granted or as procedurally barred. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained

in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

choice he makes regarding his petition.

**V. Conclusion**

        **IT IS THEREFORE ORDERED** that petitioner's *ex parte* motion for appointment of

counsel (ECF #23) is **DENIED**.

        **IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (ECF

#24) is **DENIED.**

        **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF #19) is

**GRANTED** as follows:

    1. Supplemental ground 1, ground 1 and ground 6 are **DISMISSED** for failure to state a claim

for which relief may be granted.

    2.  With respect to ground 2 and Memorandum ground 3: sub-claims A, C and D are

**DISMISSED** as procedurally barred.  Sub-claims B and E are **UNEXHAUSTED**.

    3. With respect to ground 3 and Memorandum ground 4: petitioner's claim of violations of his

Fifth, Sixth, and Fourteenth Amendment rights to due process of law and that his counsel was ineffective

"due to the facts of the plethora discovery in this case and the overwhelming evidence that was found

clearly showed that the petitioner was innocent of any wrongdoings" is **DISMISSED** as procedurally

barred.  Petitioner's specific claim in ground 3 that petitioner's counsel was ineffective because

petitioner asked him to "severance [sic] this case from his co-defendant's (Rodney Ormond) so that the

petitioner could receive a fair trial counsel (Brian Bloomfield) stated that 'if he asked the district attorney

to severance this case she wouldn't agree to it'" is **EXHAUSTED**.

    4. Ground 4 and Memorandum ground 5 are **DISMISSED** as procedurally barred.

        **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)**

inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted

grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this

court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return

to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 26th day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE