UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DE'MARIAN CLEMONS,

Petitioner,

v.

BRIAN WILLIAMS, *et al.*,

Respondents.

Case No. 2:11-cv-01442-MMD-GWF

ORDER

## I.  SUMMARY

This habeas matter is before the Court on Respondents' Motion to Vacate Stay and Reopen (ECF No. 35) and Motion to Dismiss (ECF No. 36). For the reasons discussed below, Respondents' motions are granted.

## II.  BACKGROUND

On February 20, 2013, the Court administratively closed this action while Petitioner exhausted his unexhausted claims in state court. (ECF No. 31.) The Court instructed Petitioner to file a state post-conviction petition or another appropriate proceeding in state court within 45 days of issuance of the Court's order. (*Id.*) The Court also instructed Petitioner to file a motion to reopen within 45 days of issuance of the remittitur by the Nevada Supreme Court. (*Id.*)

On September 8, 2013, Petitioner filed his state post-conviction petition. (ECF No. 36-1.) On December 6, 2013, the state court dismissed the petition as time-barred and successive, finding Petitioner failed to demonstrate good cause or prejudice. (ECF No. 36-2.) It does not appear that Petitioner appealed the dismissal of his state post-conviction petition. (ECF No. 36-4.) On July 5, 2018, Petitioner discharged his sentence to parole. (ECF No. 36-5.)

Notice of Respondents' motions was returned as undeliverable with a notation

indicating that Petitioner is not in custody and has been paroled. (ECF No. 38.) The Local Rules of Practice require all parties, including habeas petitioners, to immediately file with the Court written notice of any change of address. *See* LR IA 3-1, LR 2-2. The Local Rules also warn that failure to comply may result in dismissal of the action, with or without prejudice, or other sanctions as the court deems appropriate. *See id.*; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To date, Petitioner has not filed a notice of change of address or taken any other actions to prosecute this case.

### III.  DISCUSSION

Respondents request that the Court reopen this matter and dismiss the petition for writ of habeas corpus (ECF No. 4) for failure to prosecute. District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate … dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Pagtulunan v. Galaza*, 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642.

The Court finds the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. Since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action, the third factor, risk of prejudice to respondents, also weighs in favor of dismissal. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The

fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Moreover, Petitioner's failure to respond to the motion to dismiss or update his current address leaves the Court with no options of less drastic alternatives.

Petitioner has failed to comply with the Court's prior order by failing to file a state post-conviction petition or another appropriate proceeding in state court within 45 days of issuance of the Court's order and failing to file a motion to reopen within 45 days of issuance of remittitur. Petitioner has failed to comply with the Local Rules by failing to file a notice of change of address. Petitioner has failed to otherwise prosecute this action. Under such circumstances, there is no lesser alternative than dismissal of this action with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

This is a final order adverse to Petitioner. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA"). Therefore, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002). Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether this Court's procedural ruling was correct. *Id.*

Applying these standards, this Court finds that a certificate of appealability is unwarranted.

## V.  CONCLUSION

It is therefore ordered that Respondents' Motion to Vacate Stay and Reopen (ECF

No. 35) is granted.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 36) is granted.

It is further ordered that this action is dismissed with prejudice based on Petitioner's failure to comply with the Local Rules and his failure to prosecute this action.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 4th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE